CV 14          0995

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action #:

------------------------------------------------------------------X

SUNDEL QUILES and MICHAEL DEMAIO,

**COMPLAINT**

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, LIEUTENANT JOHN GAVIN, *DEARIE, J.*
POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589,
SERGEANT FRANK CROCITTO, ARRESTING OFFICERS
OF THE 112th PRECINCT,

JURY TRIAL
DEMAND

Defendants,

------------------------------------------------------------------X

Plaintiffs, SUNDEL QUILES and MICHAEL DEMAIO, by their Attorneys, the LAW

OFFICE OF ANDREW C. LAUFER, LLC, complaining of the Defendants, respectfully

alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.     This is a civil action, pursuant to 42 U.S.C. §1983, 1985 and 1988, seeking monetary

damages for Plaintiffs, SUNDEL QUILES and MICHAEL DEMAIO (Plaintiffs, QUILES and

DEMAIO), due to their wrongful arrest, imprisonment, prosecution and injuries sustained

during their imprisonment caused by the pervasive misconduct of THE CITY OF NEW

YORK (CITY), the NEW YORK CITY POLICE DEPARTMENT (NYPD), LIEUTENANT

JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589,

SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE NEW YORK

CITY POLICE DEPARTMENT (OFFICERS).

2.     This lawsuit seeks to hold the Defendant CITY liable for the above misconduct

under the Federal Civil Rights statute, 42 U.S.C. §1983, and *Monell v. Dept. of Social*

1

Services, 436 U.S. 658 (1978). The unlawful actions of police officers, detectives and CITY personnel documented in this lawsuit resulted from affirmative or *defacto* municipal policies, practices and customs to violate the constitutional rights of criminal suspects, or from deliberate indifference by policy-making officials, acting on behalf of CITY, to such violations. As Plaintiff will demonstrate, the NYPD, their agents and employees, as a matter of policy, knowingly procured false statements in support of false allegations against Plaintiffs and participated in an operation to frame Plaintiffs for a crime they did not commit.

3.      Defendants CITY and NYPD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiffs and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

a.      Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

b.      Failing to adequately discipline deputies or civilian employees involved in misconduct; and

c.      Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the Plaintiffs in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

4.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants CITY and NYPD ordered, authorized, acquiesced in, tolerated, or permitted individual Defendants herein to engage in the unlawful and unconstitutional actions,

2

policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiffs.

5.      The wrongful acts of the Defendants were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

## JURISDICTION AND VENUE

6.      This action arises under 42 U.S.C. §§1983, 1985, 1986 and1988.

7.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries and related facts upon which the present action are based, occurred in the County of Queens, State of New York.

9.      The Plaintiffs are and were citizens of the State of New York.

## THE PARTIES

10.     Plaintiff, SUNDEL QUILES (QUILES), is a citizen and resident of the State of New York and of the United States, and resides within the Eastern District of New York.

11.     Plaintiff, MICHAEL DEMAIO (DEMAIO), is a citizen and resident of the State of New York and of the United States, and resides within the Eastern District of New York.

13.     The NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of THE CITY OF NEW YORK. Detectives and police officers employed by the NYPD are agents and employees of the CITY OF NEW YORK, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

14.     Upon information and belief, Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589 and SERGEANT FRANK CROCITTO were and are agents, servants, employees, and officers employed by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT at the 112TH Precinct.

15.     Upon information and belief, Defendants, LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT (OFFICERS) were residents of the State of New York.

16.     At all times relevant hereto, Defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT employed the individual Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112TH PRECINCT, who were present and involved in the unlawful arrest and detention of the Plaintiffs on May 12, 2011.

17.     At all times relevant, the individual municipal Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT, were acting in their individual and official capacity.

4

18.     At all times relevant, the individual municipal Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT, were acting as employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual Defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

19.     Plaintiffs are ignorant of the names and capacity of Defendants sued herein as ARRESTING OFFICERS OF THE 112th PRECINCT, inclusive, and therefore sues these Defendants by such fictitious name. Plaintiffs are informed, believe and allege, that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of the court to amend this Complaint and state true names and/or capacities of said fictitiously named Defendants when same have been ascertained.

20.     The reason why Plaintiffs are ignorant of some of the true names and capacities of individual Defendants sued herein as representatives of the NEW YORK CITY POLICE DEPARTMENT, is that same have been unascertainable as of the date of filing of this Complaint, as many of these officers may be deputies, sergeants, captains, lieutenants, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of Defendant CITY OF NEW YORK, and as such, many of their records are

5

protected by state statute and can only be reasonably ascertained through the discovery process.

21.    The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers of the NEW YORK CITY POLICE DEPARTMENT, acting within the course and scope of such employment with the CITY OF NEW YORK, and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.    On May 12, 2011, Plaintiffs were lawfully at and around the premises of Home Depot, located at 75-50 Woodhaven Boulevard, Glendale, New York 11385.

23.    Plaintiffs were employed by the Home Depot in the Loss Prevention Department.

24.    Plaintiffs were working at the Home Depot location in order to investigate and apprehend shop lifters.

25.    Plaintiffs were in the parking lot area during their break period.

26.    Upon information and belief, Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT arrived at the store and falsely accused Plaintiffs of stealing Home Depot store credit cards.

27.    Upon information and belief, Home Depot employees maliciously made false statements for the sole purpose of having Plaintiffs arrested. Defendants LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT, in

6

connection with Home Depot employees, were engaged in an operation to frame Plaintiffs for theft and arrest them.

28.    Defendants, with the assistance of Home Depot employees, sent two "undercovers" into the Home Depot location to steal products to see if Plaintiffs would stop them from exiting the store.

29.    During the course of the operation, Plaintiffs were under surveillance, monitored by Home Depot employees and Defendant LIEUTENANT JOHN GAVIN.

30.    Plaintiffs stopped the "undercover" and recovered approximately five hundred (500) dollars worth of store credit cards. Home Depot alleged that the recovered store credits were never reported to the NYPD or to Home Depot.

31.    Upon information and belief, based upon a criminal complaint filed by the "undercover" and false accusations and encouragement by Home Depot employees, Plaintiffs were taken to the 112th Precinct and arrested for petit larceny for stealing the store credit cards.

32.    Upon information and belief, there was never any investigation into whether the store credit cards were in the Loss Prevention office where they had been confiscated from the "undercover". False allegations that Plaintiffs had retained the cards were made by Home Depot. The cards were never processed for use or found.

33.    Plaintiffs were arrested, detained and imprisoned by the NYPD for approximately six (6) hours.

34.    Plaintiffs were given a Desk Appearance Ticket and scheduled to appear in Queens County Criminal Court on June 2, 2011.

7

35.     Plaintiffs' employment with Home Depot was terminated on or about May 16, 2011.

36.     After being maliciously prosecuted, criminal charges against Plaintiffs were dismissed after approximately three (3) weeks. The criminal prosecution against Plaintiffs terminated in favor of Plaintiffs.

## FIRST CAUSE OF ACTION

37.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

38.     On or about May 12, 2011, at approximately 6:00 pm at 75-09 Woodhaven Boulevard, Glendale, New York, the Defendants, acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, wrongfully and falsely arrested, imprisoned and detained Plaintiffs without any right or justifiable grounds therefore;

39.     That the arrest, detention and imprisonment was caused by the Defendants, its agents, servants and employees, including but not limited to LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112th PRECINCT, without a warrant and without any reasonable cause or belief that Plaintiffs were, in fact, guilty of a crime;

40.     LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and ARRESTING OFFICERS OF THE 112TH PRECINCT violated Plaintiffs' rights under the Fourth Amendment of the United States Constitution when they arrested and imprisoned the Plaintiffs without probable cause, arguable probable cause or other legal justification.

41.     That the CITY OF NEW YORK, its agents, servants and employees, as set forth

8

above, intended to confine Plaintiffs, that Plaintiffs were conscious of the confinement, that Plaintiffs did not consent to the confinement and that the confinement was not privileged;

42.     That by reason of the false arrest, imprisonment and detention of Plaintiffs, Plaintiffs suffered a loss of liberty, were subjected to great indignities, humiliation and ridicule in being so detained, and were caused to suffer much pain in both mind and body, and to sustain economic loss, and were otherwise damaged.

## SECOND CAUSE OF ACTION

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

44.     That following their arrest, Plaintiffs were wrongfully, falsely and maliciously charged by Defendants and prosecuted for a crime of which they were innocent.

45.     The individual Defendants, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiffs.

46.     The criminal proceedings terminated in Plaintiffs' favor.

47.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

48.     Defendants, with actual malice, initiated and continued, or caused the initiation and continuation of, criminal proceedings against Plaintiffs for which they knew, or should have known, there was no probable cause, and for which in fact there was no probable cause, and thereby caused Plaintiffs to be deprived of their liberty. Such proceedings ultimately were terminated in Plaintiffs favor.

9

49.     Defendant CITY OF NEW YORK is liable under the principal of respondeat superior.

## THIRD CAUSE OF ACTION

50.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

51.     The aforesaid occurrence and resulting injuries to Plaintiffs were due to the willful, wanton, reckless and/or malicious conduct of the Defendants, individually, jointly and/or vicariously by and through their agents, servants and/or employees.

52.     The aforesaid occurrence and resulting injuries to Plaintiffs were due to the conduct of Defendants, acting individually, jointly and/or vicariously by and through their agents, servants and/or employees which reflect utter indifference to the safety and well being of others and specifically the safety and well being of Plaintiffs;

53.     That the conduct of Defendants acting individually, jointly and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well being of others and more particularly, for the life, safety and well being of Plaintiffs;

54.     That the unconstitutional conduct of Defendants alleged herein was ordered and/or conducted pursuant to a pervasive custom or practice of the NYPD that has been approved by the CITY and/or that the CITY is or should be aware of.

55.     That the aforesaid actions by LIEUTENANT JOHN GAVIN, POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589, SERGEANT FRANK CROCITTO and the ARRESTING OFFICERS OF THE 112th PRECINCT were done pursuant to an official municipal policy or a custom of THE CITY OF NEW YORK, which policy involved

indiscriminate detention, interrogation, intimidation and prosecution of individuals were or were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

56.     Upon information and belief, the Defendants' unconstitutional conduct alleged herein was authorized by one or more high-ranking NYPD officials who have final policymaking authority in this area.

57.     Upon information and belief, the CITY was deliberately indifferent to the Plaintiffs' constitutional rights by failing to train and supervise the individual Defendants in the proper and lawful performance of their duties.

58.     Plaintiffs were deprived of their rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and their rights pursuant to 42 U.S.C. § 1983 by those who, under color of a statute of regulation  of a state, caused Plaintiffs to be so deprived.

59.     That Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiffs of their federal civil rights and constitutional rights , in violation of 42 U.S.C. § 1985.

60.     As a result of the CITY's culpable conduct in connection with the Defendants' unconstitutional conduct alleged herein, the Plaintiffs have suffered loss of liberty,

mental anguish, emotional distress, insult, embarrassment, humiliation, and other compensable injuries, for which they are entitled to an award of compensatory damages.

11

## DAMAGES DEMAND

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

1.     General and compensatory damages in an amount according to proof;

2.     Special damages in an amount according to proof;

3.     Statutory damages;

4.     Exemplary and punitive damages against each individual Defendant, not against the public entities, according to proof;

5.     Costs of suit, including attorneys' fees; and,

6.     Such other relief as may be warranted or as is just and proper.

Dated:     February 10, 2014
New York, New York

ANDREW C. LAUFER
Attorney for Plaintiff
Law Office of Andrew C. Laufer, PLLC
255 West 36th Street, Suite 1104
New York, NewYork10018
(212)422-1020 (Telephone)
(212)422-1069 (Fax)

12

To:

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

THE NEW YORK CITY POLICE DEPARTMENT
100 Church Street
New York, New York 10007

LIEUTENANT JOHN GAVIN
c/o 112TH PRECINCT
68-40 Austin Street
Forest Hills, New York 11375

POLICE OFFICER CHRISTOP LIPTON, SHIELD 3589
c/o 112TH PRECINCT
68-40 Austin Street
Forest Hills, New York 11375

SERGEANT FRANK CROCITTO
c/o 112TH PRECINCT
68-40 Austin Street
Forest Hills, New York 11375

ARRESTING OFFICERS OF THE 112TH PRECINCT
68-40 Austin Street
Forest Hills, New York 11375